IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PINNACLE ADVISORY
GROUP, INC.,

    *Plaintiff*,

    v.

ANDREW J. KRONE, *et al*.,

    *Defendant*.

Civil No. ELH-19-2988

**MEMORANDUM**

Plaintiff Pinnacle Advisory Group, Inc. ("Pinnacle"), a private wealth management firm, filed suit on October 14, 2019, against its former employee, Andrew Krone, and his employer, CapitalRock Financial, LLC d/b/a Naples Wealth Planning ("Naples"). ECF 1 (the "Complaint"). The suit included several exhibits. Pinnacle asserts various claims founded on Maryland law, sounding in contract, tort, and trade secret law. *Id.* at 8-17. It seeks declaratory and injunctive relief as well as damages. *Id.*

In particular, Pinnacle alleges that Mr. Krone, who was a Pinnacle employee from October 1, 2009 to August 30, 2019, misappropriated Pinnacle's confidential information upon his resignation on or about August 30, 2019, when he left Pinnacle to begin working for Naples. According to plaintiff, Mr. Krone used that confidential information to solicit Pinnacle's clients, in violation of trade secret law and in breach of his employment agreement with Pinnacle.[1]

---

[1] On November 8, 2019, with the consent of the parties, the Court issued an "Agreed Order" (ECF 35), directing defendants, *inter alia*, to return any confidential information belonging to Pinnacle and enjoining them from performing or rendering services for, or soliciting the business of, certain past or present clients of Pinnacle. *Id.*

Now pending is Pinnacle's motion for leave to amend the Complaint (ECF 111), supported by a memorandum of law (ECF 111-1) (collectively, the "Motion") as well as several exhibits. Specifically, Pinnacle seeks to amend the caption of its Complaint to "reflect the fact that it has changed its named [sic] by and through the filing of Articles of Amendment with the Maryland State Department of Assessments and Taxation on May 28, 2021."  ECF 111-1 at 4.  The Motion is accompanied by a proposed Amended Verified Complaint (ECF 111-4, the "proposed Amended Complaint" or "proposed AC").

Defendants oppose the Motion (ECF 113) and include six exhibits.  Yet, they "do not oppose the change to Pinnacle's corporate status or its abandonment" of its former corporate name. ECF 116 at 1.  Plaintiff has not replied and the time to do so has expired.  *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

## I.  Background

I incorporate here by reference the factual background and procedural history set forth in my Memorandum Opinion of March 18, 2020 (ECF 46), denying Mr. Krone's motion to compel arbitration (ECF 37).  As necessary, I have supplemented the facts.

On April 28, 2020, the Court issued a Scheduling Order (ECF 55), which set a deadline of September 30, 2020, for joinder of additional parties and amendment of pleadings.  At the parties' joint request, the Court amended the schedule by Order of September 4, 2020 (ECF 60), extending the deadline for joinder and amendment to October 31, 2020.  *See id.*; ECF 59-1.  As the parties were actively engaged in discovery, the schedule was subsequently amended several times, although those amendments did not affect the deadline for joinder and amendment.  *See* ECF 62; ECF 73; ECF 82; ECF 101; ECF 120.

Discovery closed on July 23, 2021. ECF 120. Dispositive pretrial motions are due by August 30, 2021. *Id.*

On March 19, 2021, Pinnacle filed a motion to amend the Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) ("Rule 15"). ECF 88-1 at 11. Specifically, Pinnacle sought to add allegations concerning Mr. Krone's alleged breach of fiduciary duty, and to add a new defendant: Laidlaw Wealth Management, LLC ("Laidlaw"). ECF 88-1 at 1-2. As I explained in my ruling, because plaintiff filed the motion after the "expiration of the deadline by the amended Scheduling Order of September 4, 2020," plaintiff was required to first satisfy the "good cause" standard in Fed. R. Civ. P. 16(b)(4) ("Rule 16"). ECF 102 at 4-5. However, plaintiff did not address the good cause standard in its motion, nor did it file a reply brief to rectify this deficiency. *Id.* at 9.

More to the point, I concluded that Pinnacle was dilatory in failing to allege the breach of fiduciary claim for six months after learning of the underlying facts. *Id.* Further, I found that adding Laidlaw to the suit over a year and a half into litigation, without attempting to engage with defendants' factual disputes regarding Laidlaw's relation to the suit, would unduly prolong the litigation. *Id.* Accordingly, I denied Pinnacle's motion to amend the Complaint. *Id.*

In the present Motion, plaintiff seeks leave to amend the caption of its Complaint. ECF 111-1 at 4. Plaintiff seems to suggest that the amendment is a mere formality, necessitated by a change in its corporate name. *Id.* Plaintiff sought defendants' consent to amend the caption, but defendants refused to consent. ECF 111-1 at 4; ECF 116 at 3.

The Motion is rooted in Pinnacle's sale of its assets to a third party, Congress Wealth Management, LLC, including its trade name, "Pinnacle." ECF 111-1 at 4; ECF 94 at 4-8. The sale occurred on April 30, 2021. ECF 111-1 at 4; ECF 116 at 3. Thereafter, plaintiff submitted

Articles of Amendment to the Maryland State Department of Assessments and Taxation on May 28, 2021, reflecting a change of its name to Waypoint Consulting, Inc. ECF 111-6 at 2-3.

Plaintiff notes that on June 15, 2021, defendants "took the deposition of Pinnacle's corporate designee, including topics related to the sale of Pinnacle's assets and Waypoint Consulting, Inc." ECF 111-1 at 4. According to the defendants, the Asset Purchase Agreement, among other things, bars plaintiff from providing financial planning and asset advisory services for five years *after* the closing. ECF 116 at 2-3. Thus, it does not cover the period at issue in this litigation.

## II. Discussion

As indicated, Pinnacle seeks leave to amend the suit to reflect a change in its name. Understandably, the Motion was filed after expiration of the deadline set by the amended Scheduling Order of September 4, 2020, because the event that led to the change occurred after the deadline. *See* ECF 60. The defense complains that plaintiff has not addressed Fed. R. Civ. P. 16(b)(4). ECF 116 at 5. Fed. R. Civ. P. 16(b)(4) concerns modification of scheduling orders. And, Fed. R. Civ. P. 15(a) addresses amendment of pleadings. Both rules are pertinent here.

### A.

A complaint may be amended "once as a matter of course" within twenty-one days of service of a defendant's answer or motion under Fed. R. Civ. P. 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* However, where a party "moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis." *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D.

4

104, 106 (D. Md. 2013); *see Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020).

Fed. R. Civ. P. 16 concerns scheduling and case management. Scheduling orders serve a vital purpose in helping a court manage its civil caseload. *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 14 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency"). Notably, "[i]n an era of burgeoning case loads and [crowded] dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) (alteration added). To that end, a scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Services, Inc.*, 10 CV 362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (citation omitted).

A scheduling order is also mandatory. Rule 16(b)(1) states that, subject to certain exceptions, "the district judge . . . must issue a scheduling order." Further underscoring the importance of a scheduling order to case management, Rule 16(b)(2) commands that a scheduling order be issued "as soon as practicable" after a defendant has been served or appeared in a case. Moreover, Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Thus, Rule 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). But, under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification. *See Faulconer*, 808 F. App'x at 152; *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue*, 295 F.R.D. at 106-07; *see also United*

*States v. Hartford Accident & Indem. Co.*, No. CV JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party.").

The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer*, 808 F. App'x at 152 (citation omitted). The Fourth Circuit has endorsed this proposition several times, in line with other circuits. *Id.* at 152 n.1 (collecting cases). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* at 152; *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In evaluating diligence, courts focus mainly "on the timeliness of the motion to amend 'and the reasons for its tardy submission.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB–10–2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012)). Notably, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Wonasue*, 295 F.R.D. at 107 (quoting *CBX Technologies, Inc.*, 2012 WL 3038639, at *4).

If, for example, the "moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party" has not acted diligently, and thus "cannot establish good cause under Rule 16." *Faulconer*, 808 F. App'x at 152. In contrast, where "'at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline,' a plaintiff has 'good cause' for moving to amend at a later date." *Wonasue*, 295 F.R.D. at 107 (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768 (D. Md. 2010)).

In determining whether the moving party has met his burden to show good cause, courts may also consider "whether the moving party acted in good faith, the length of the delay and its

effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520. However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer,* 808 F. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).  Some district court judges have expressed this proposition even more forcefully.  *See, e.g.*, *Rassoull*, 209 F.R.D. at 374 ("'If [the moving party] was not diligent, the inquiry should end.'") (citation omitted); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.  *If that party is not diligent, the inquiries should end*.'") (citation omitted) (emphasis in *Marcum*).

If the moving party demonstrates good cause pursuant to Rule 16(b)(4), he must then "satisfy the liberal standard of Fed. R. Civ. P. 15(a)." *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016); *see Cook v. Howard*, 484 Fed. Appx. 805, 814-15 (4th Cir. 2012); *Nourison*, 535 F.3d at 298; *Wonasue*, 295 F.R.D. at 106-07.  Under Rule 15(a), a court should deny leave to amend in three circumstances: "'when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.'" *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)); *see Scott v. Family Dollar Stores, Inc*., 733 F.3d 105, 121 (4th Cir. 2013); *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986).

In addition, courts have inherent power to manage their own dockets.  In *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962), the Supreme Court stated that a court's "inherent power" to dismiss a case for lack of prosecution is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases." *See also Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) (observing that courts' inherent power permits "dismissing a case as a sanction for a party's failure to obey court orders").

**B.**

As referenced above, the proposed Amended Complaint seeks to conform the plaintiff's name with its current legal name: "Waypoint Consulting Inc., f/k/a Pinnacle Advisory Group, Inc." ECF 111-4 at 1.  The name change followed a sale of the trade name, Pinnacle.

Pinnacle seems to assume that the Motion is governed by Rule 15(a) alone.  *See* ECF 111-1 at 5.  Plaintiff asserts only that the proposed amendment is made in good faith and that it timely sought file to amend the Complaint within two weeks of its being able to do so.  *See id.* at 5-6.  But, the Motion does not discuss whether plaintiff has satisfied Rule 16(b)(4)'s good cause requirement.  Moreover, plaintiff never filed a reply to address the relevant standard, which was invoked in the brief in opposition.  *See* ECF 116 at 4-5.

Even so, Pinnacle has been diligent in filing this Motion to amend the Complaint.  As noted, diligence is the "'touchstone'" for the Rule 16(b)(4) analysis.  *Faulconer,* 808 F. App'x at 152 (citation omitted).  Although the Motion comes over a year and a half into the litigation, it is undisputed that plaintiff filed this Motion less than two weeks after it was possible to do so.  ECF 111-1 at 5.  And, there is no indication that plaintiff has been dilatory.  ECF 102 at 9.  Indeed, Pinnacle promptly sought to amend the caption of the Complaint.

Moreover, it does not appear that the granting of plaintiff's Motion will prolong the litigation.  To the contrary, as plaintiff points out, this amendment seeks only to conform the caption with the current name of the plaintiff.  ECF 111-1 at 5.  In effect, plaintiff seems to have

retained its right to the claims at issue here, despite the sale of its assets, but it cannot operate under the name Pinnacle.

Notably, defendants fail to specify any prejudice that would accrue to them should plaintiff's Motion be granted.  Indeed, as defendants concede, they do not object to the substance of plaintiff's amendment, only the vehicle through which plaintiff pursued it.  ECF 116 at 1 ("Defendants do not oppose the change to Pinnacle's corporate status or its abandonment of the name Pinnacle Advisory Group, Inc.").  If anything, defendants seem to imply that they believe their defense could benefit from the amendment.  ECF 116 at 5 (reserving the right to argue that plaintiff's change of corporate status and abandonment of its trade name "further call[] into question the enforceability of the underlying employment agreement at issue in this case").

### III.  Conclusion

Given the recent sale of the trade name "Pinnacle," and the prompt manner in which plaintiff filed the Motion, as well as the absence of prejudice to defendants, I conclude that leave to amend the caption to the Complaint is warranted.

Therefore, I shall grant the Motion (ECF 111).  However, this ruling is without prejudice to defendants' right to argue that the claim has been extinguished as a result of the sale.

An Order follows, consistent with this Memorandum.


Date: August 26, 2021                              _____/s/_____
                                                    Ellen L. Hollander
                                                    United States District Judge

9